## THOMPSON v NATIONAL LIFE & ACCIDENT INSURANCE CO.

Ohio Appeals, 1st Dist, Butler Co

No 810. Decided May 14, 1941

Casper & Casper, for appellee.

Harry J. Koehler, Hamilton, and Nolan, Beigel & Mahrt, Cincinnati, for appellant.

## OPINION

By ROSS, J.

Appeal on questions of law from a judgment of the Court of Common Pleas of Butler County, Ohio.

The action was instituted by the beneficiary in an insurance policy issued by the defendant insurer. The plaintiff was the husband of the insured.

In the answer of the defendant it was alleged that the policy upon which the action was predicated contained the following clause:

"No obligation is assumed by the Company prior to the date hereof. Except as elsewhere herein provided, if the insured is not alive or is not in sound health on the date hereof; or if before the date hereof, the Insured has been rejected for insurance by this or any other company, order, or association, or has been a patient or an inmate of any institution for the treatment of physical or mental disease, or has undergone any surgical operation or has been attended by a physician; unless such rejection be specifically recited in the "Space for Endorsements"-in a waiver signed by the Secretary, and unless it be shown by the Claimant that no such institutional, surgical, or medical attention was for a serious condition; then, in any such case, the Company's full liability shall be discharged by the payment of the sum of the premiums received hereunder."

It was further alleged that the policy contained no exception to the provisions of this clause, and that the insured was not in sound health at the time the policy was issued, but was suffering from certain diseases, including a serious heart ailment, from which she died. and that the direct cause of her death, a little over a year after the policy was issued, was myocarditis.

It is further alleged in the answer that prior to the date of the policy the insured had been a "patient of an in-

stitution for the treatment of serious physical diseases and underwent a serious surgical operation" in that she was so treated for influenza and underwent a "thyroidectomy", and that prior to the date of the policy she had been attended by various physicians "for serious physical conditions and diseases including the aforesaid influenza and thyroid and heart ailments."

The plaintiff replied admitting the clause noted by the defendant existed in the policy, and denied all other allegations.

The defendant assumed in its answer and by special instructions presented, the burden of establishing the elements of the exception. If any error intervened in placing the burden upon the defendant in the general charge and elsewhere, the defendant cannot complain of it now, since it was "invited error". **State v Kollar, 93 Oh St 89, 91.**

It will be noted that the clause of the policy in question is peculiarly framed. There is first a positive exception to liability, if the insured was a patient in a hospital, or received medical care from a physician. This positive exception to liability, however, is later modified if the claimant under the policy is able to show that such hospitalization or medical attention was not for "a serious condition".

Now, regardless of all other consideration in the case, the jury upon evidence submitted, without objection, found in its general verdict and by its answers to four interrogatories, that the insured had not suffered from any "serious condition".

But the defendant places especial emphasis upon the first claim to exception in that the insured was not in sound health at the date of the policy and serious claim is made that the court erroneously excluded evidence of physicians tendered by the defendant's witnesses, who, the proferts show, would have stated the insured was not in sound health at the date of the policy.

Such evidence would only have been competent if the provisions of §11494

GC, have been avoided by the effect of waivers signed by the plaintiff beneficiary.

The question is squarely raised, are such waivers effective to permit evidence which could not have been introduced against the insured in her lifetime without her personal waiver? Otherwise stated—Can the beneficiary under a policy of insurance waive the personal privilege of an insured from evidence as to her physical condition, when such evidence comes within the classification of privileged communications?

In a case involving the Workmen's Compensation Act, the Supreme Court had held that a widow claimant under the act may waive the privilege of a deceased husband employee. **Industrial Commission v Warnke, 131 Oh St 140.** The syllabus of this case reads:

"In an action by a widow to recover compensation under the Workmen's Compensation Act for the death of her husband resulting from injuries sustained by him in the course of his employment, the testimony of a physician who attended decedent in his illness resulting from such injuries, as to knowledge and information gained by such physician in his professional capacity, relating to decendent's physical condition, may be admitted in evidence where the widow waives the statutory physician-patient privilege; and objection of the Industrial Commission to the waiver of such privilege is properly overruled."

The definite limitations of the syllabus are significant. It is true in the opinion broad general statements are made which would include the instant case and authorities from other states are noted which would seem to justify extending the rule stated in the syllabus as **only** applicable to cases involving the Workmen's Compensation Act to cases such as that presented here. The Court was not unanimous even to the extent limited in the syllabus, and

we find ourselves unable to extend the rule pronounced in the syllabus beyond its specific limitations.

We are not unaware that there is a strong feeling that the rule in the interests of logical justice should be extended as is suggested in an article in 7 OO 568, but we adopt the statement of Judge Zimmerman in his dissent in the Warnke case:

"Let it be distinctly understood that I am heartily in favor of a rule as pronounced, and appreciate that the instant case and similar cases present a persuasive argument for its adoption, but such rule must be promulgated by the General Assembly and not through a forced process of reasoning on the part of this court amounting to judicial legislation.

"Sec. 11494 GC, provides in mandatory terms that a physician shall not testify concerning a communication made to him by his patient in that relation, except (1) when the patient gives his express consent, or (2) when the patient voluntary testifies.

"I adhere to the case of **Swetland v Miles, 101 Oh St 501, 130 N. E. 22.** which is decidedly in point. It represents the conclusion of a unanimous court. It has remained unreversed and unmodified for almost sixteen years. It is a considered and clear declaration by this tribunal on the particular legislative enactment now engaging our attention. It cannot be successfully distinguished from the instant case in principle."

The Sixth District Court of Appeals is also in accord with this position. **Parisky, Admr. v Pierstorff, 63 Oh Ap 503.**

The Warnke case was decided in 1936. It would seem that the legislature has had ample time to act if it intended to modify the limitations of §11494 GC. In the absence of such action, it does not seem that courts should attempt to change a rule. the merit of which may be debatable, by exercising prerogatives outside the realm of judicial power.

The negative evidence as to sound health of the insured having been properly excluded and the jury having definitely and specifically found the insured had not suffered from a serious illness. such being a question of fact within the province of the jury, our conclusion is that the judgment of the Court of Common Pleas of Butler County should be, and it is affirmed.

MATTHEWS, PJ., and HAMILTON J., concur.